Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Matthew T. Theriault (SBN 244037)
MTheriault@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Payam Shahian (SBN 228406)
Pshahian@slpattorney.com
Strategic Legal Practices, APC
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 277-1040
Facsimile: (310) 943-3838

Robert L. Starr (SBN 183052)
Starresq@hotmail.com
The Law Office of Robert L. Starr
23277 Ventura Boulevard
Woodland Hills, California 91364-1002
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorneys for Plaintiff Martin Ehrlich, Alex Wong, Barbara Brackenbury, and Mike Dirkes

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| IN RE MINI WINDSHIELD ACTIONS | Master No. 2:10-cv-01151-ABC(PJWx) |
| | Hon. Audrey B. Collins |
| | **CLASS ACTION** |
| | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT** |
| | Date: October 1, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 680 |

## ORDER AND JUDGMENT

The Court has received and considered the proposed Settlement Agreement, which is incorporated herein by reference, including the adoption of defined terms. The Court has: (1) previously granted preliminary approval of the Settlement Agreement; (2) been informed by declaration that notice of the settlement has been given to the Class (as defined below); (3) held a final fairness hearing at which all parties appeared by their counsel and at which the Court afforded class members with an opportunity to object to the Settlement Agreement; (4) received and reviewed briefing and evidence as to why the proposed settlement is fair, adequate, and in the best interests of the represented class; and (5) considered all other arguments and submissions in connection with the proposed settlement.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all class members.

3. The Court certifies for settlement purposes a class of all current and former owners and lessees within the continental United States of the following models of MINI Coopers: (1) MINI Cooper R50 (June 11, 2001 to November 28, 2006 production period); (2) MINI Cooper R52 (March 6, 2004 to July 31, 2008 production period); and MINI Cooper R53 (July 18, 2001 to November 28, 2006 production period). Specifically excluded from the Class are: (1) BMW, its subsidiaries and affiliates, officers, directors, and employees, (2) Insurers of the Class Vehicles, (3) all persons and/or entities claiming to be subrogated to the rights of Class Members, (4) issuers or providers of extended vehicle warranties or issuers or providers of extended service contracts, (5) individuals and/or

entities who validly and timely opt-out of the Settlement, (6) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e. salvage) (subject to verification through Carfax or other means), (7) current and former owners of a Class Vehicle that previously have released their claims against BMW with respect to the issues raised in the Litigation, (8) any current or former owner or lessee of a Class Vehicle that has received or obtained full reimbursement in money or in kind (goodwill) or warranty replacement or assistance with respect replacement of a windshield on a Class Vehicle, (9) United States residents that have purchased Class Vehicles in the United States but have since transported the vehicle outside the United States for permanent use abroad, (10) Individuals or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (i.e. rentals or company vehicles), and (11) the Judge(s) and/or attorneys to whom the Litigation is or will be assigned.

4. The Court appoints Plaintiffs Martin Ehrlich, Alex Wong, Barbara Brackenbury, and Mike Dirkes as Class Representatives.

5. The Court finds that Initiative Legal Group APC, Strategic Legal Practices, APC, and The Law Office of Robert L. Starr are experienced in matters of this nature and the Court hereby appoints Plaintiffs' counsel as Class Counsel.

6. The distribution of the Class Notice to the Class as set forth in the Settlement Agreement has been completed in conformity with the March 6, 2012 Preliminary Approval Order. The Class Notice provided adequate notice of the proceedings and about the case, including the proposed settlement terms as set forth in the Settlement Agreement. The Class Notice fully satisfied due process requirements. As executed, the Class Notice was the best notice practicable under the circumstances.

7. The Court hereby approves the terms set forth in the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair,

adequate, and reasonable and directs the Parties to effectuate the Settlement Agreement according to its terms. The Court finds that the Settlement Agreement has been reached as a result of informed and non-collusive arm's-length negotiations. The Court further finds that Plaintiffs and Defendants have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

8. The Court notes that under the Settlement Agreement, any reimbursement checks issued to class members pursuant to the Settlement will be valid for a period of ninety (90) days. The Court hereby orders that to the extent any reimbursement check has expired and no replacement check is requested or otherwise issued to the class claimant, any funds from such un-cashed checks must be handled in accordance with the "unclaimed property" laws of the respective states in which the class claimant resides.

9. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the prospective and monetary relief provided as part of the Settlement in light of the challenges posed by continued litigation, the Court concludes that Class Counsel secured significant relief for Class Members.

10. The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the other released parties.

11. All Class Members were given a full and fair opportunity to

participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on members of the Class who did not timely exclude themselves. Attached to this Order and Judgment as Exhibit A is a list setting forth the name of each person who has requested exclusion from the Class under the procedures set forth in the Preliminary Approval Order.

12. To effectuate the Settlement, the Court hereby orders that all Class Members who did not timely exclude themselves from the Settlement are barred, enjoined, and restrained from commencing, prosecuting, or asserting any released claim against any released party.

13. The Court has considered the Motion for Attorneys' Fees, Expenses, and Incentive Awards separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement. Any order or proceedings relating to the Motion for Attorneys' Fees, Expenses, and Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not disturb or affect this Judgment or affect or delay the finality of this Judgment.

14. The Court retains jurisdiction over the parties to enforce the terms of the Order and Judgment, and shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement in accordance with its terms.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: Oct 1, 2013

Hon. Audrey B. Collins
United States District Court Judge

# Exhibit A

## Class Members Who Have Opted Out

| NO | LAST | FIRST |
|---|---|---|
| 1 | ALFORD | CATHERINE V |
| 2 | ANDERSON | JAMES L |
| 3 | BALDWIN | HELEN I |
| 4 | BARONIAN | BRIAN H |
| 5 | BARRY | MERRY S |
| 6 | BECK | CYNTHIA F |
| 7 | BEE | RICHARD E |
| 8 | BORKOWSKI | VALERIE L |
| 9 | BRANTLEY | CAROLYN L |
| 10 | BRANTLEY | CAROLYN L |
| 11 | CASWELL | VIRGINIA D |
| 12 | COBBLE | LARRY |
| 13 | COOPER | RENE L |
| 14 | CORNELL | KAREN |
| 15 | CRAVEN | DAVID J |
| 16 | CRUZ-MARTIN | CLARA I |
| 17 | DALEY | RAY B |
| 18 | DALY | JOHN J |
| 19 | DARBOE | RENE L |
| 20 | DARBOE | RENE L |
| 21 | DAVIS | SUZAN C |
| 22 | DICKERSON | SCOTT E |
| 23 | DIIENNO | JONATHAN |
| 24 | DOUCETTE | YVONNE C |
| 25 | DREILLING | MARK M |
| 26 | EAVES | SCOTT W |
| 27 | EPPINK | BARBARA L |
| 28 | EVANS | BARBARA L |
| 29 | EVANS CUMBEE | LYNNE |
| 30 | FEIGEL | DOUGLAS R |
| 31 | FREEMAN | SIDNEY H |
| 32 | FREYN | GEORGE |

## Class Members Who Have Opted Out

| NO. | LAST | FIRST |
|---|---|---|
| 33 | GAILLIS | BRIGITTE R |
| 34 | GALATIS | TED P |
| 35 | GEFFERT | JAMES T |
| 36 | GOLDSTEIN | JERRY |
| 37 | GRIER | M E |
| 38 | GRIFFITH | JAMIE |
| 39 | GROH | DAVID R |
| 40 | HACKBARTH | NANCY A |
| 41 | HARRIS | ELIZABETH B |
| 42 | HARWOOD | RICHARD J |
| 43 | HAWKINS | JOEL R |
| 44 | HEMPHILL | LEONARD D |
| 45 | HENRY | ANGELICA M |
| 46 | HERBERT | ANNA |
| 47 | HEWETT | SUSAN |
| 48 | HIGGINS | JAMES P |
| 49 | HOLROYD | GILLIAN S |
| 50 | HOPKINS | JAMES D |
| 51 | HOPKINS | JAMES D |
| 52 | HUTCHINGS | IRIS |
| 53 | INGRAM | MARY A |
| 54 | JARVIS | DONNA A |
| 55 | JOHNSON | ROBERT A |
| 56 | KANICK | STEVEN D |
| 57 | KERESZTESFISCSHER | BELA |
| 58 | KIM | YOUNG-CHOON |
| 59 | KIRKMAN | NANCY M |
| 60 | LENSCH | DENNIS P |
| 61 | LENSCH | DENNIS P |
| 62 | LOMBARDI | CLARA M |
| 63 | LOPEZ | ALEJANDRA L |
| 64 | MACDOUGALL | HOWARD S |

## Class Members Who Have Opted Out

| NO. | LAST | FIRST |
|---|---|---|
| 65 | MARKS | DANIEL P |
| 66 | MARSHALL | PHYLLIS E |
| 67 | MCKINNA | MICHAEL S |
| 68 | MCLAUGHLIN | CHESTER A |
| 69 | MIDDLETON | DAVID E |
| 70 | MITCHELL | CITA |
| 71 | OLLSON | JOHN K |
| 72 | PARRY | THOMAS E |
| 73 | PATTERSON | FRED |
| 74 | PONCE | MAGALY R |
| 75 | PORTZLINE | MARETTA L |
| 76 | PRATT | CHARLES M |
| 77 | PRICE | KENNETH L |
| 78 | PULEO | DENNIS J |
| 79 | RAMAGE | KENNETH A |
| 80 | RAMSEY | DUSTY R |
| 81 | RAMSEY | DUSTY R |
| 82 | REICH | DAVID W |
| 83 | RICHARD | K S |
| 84 | ROCHELL | JUDY D |
| 85 | RORTY | NANCY C |
| 86 | ROSEN | ANNETTE R |
| 87 | RUPP | JEFFRY A |
| 88 | RUSSELL | JAMES F |
| 89 | SCARFF | DANA |
| 90 | SCHURR | STUART L |
| 91 | SHEILDS | CATHERINE L |
| 92 | SHIELDS | LORENA |
| 93 | SIEMS | WILLIAM J |
| 94 | SIMON | JOHN |
| 95 | SIMPSON | JUDITH A |
| 96 | SNYDER | SEAN |

## Class Members Who Have Opted Out

| NO. | LAST | FIRST |
|---|---|---|
| 97 | STEVENS | KAREN L |
| 98 | SUNG | SARAH S |
| 99 | SUTHERLAND | ABIGAIL E |
| 100 | SWEIGARRT | RICHARD K |
| 101 | TADAJEWSKI | NICOLE M |
| 102 | TARR | RODNEY F |
| 103 | UPFIELD | MICHAEL A |
| 104 | VILUSHIS | CHARLES E |
| 105 | WALD | BRIAN J |
| 106 | WATERS | JUDITH A |
| 107 | WEBSTER | KIMBERLY |
| 108 | WETZEL | ELIZABETH B |
| 109 | WHEELER | LLOYD A |
| 110 | WILLIS | CHRISTINE C |
| 111 | WRIGHT | DAVID C |
| 112 | YOHO | DAVID E |
| 113 | ZIMMERMAN | KAREN M |